IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 7:24-CR-00041 |
| | ) | |
| ALAGEON JAYTWON LEE GRAVELY | ) | |

**SENTENCING MEMORANDUM**

Alageon J. L. Gravely is before this Court, having entered pleas of guilty to seven (7) counts of receipt of child pornography, one count of distribution of child pornography and one count of distribution and receipt of child pornography. The maximum penalty on each offense is TWENTY (20) years in prison and carries a mandatory minimum sentence of SIXTY (60) months.[1] Based on a total offense level of 42, a criminal history category of I, and the nature of the offense, the recommended guidelines range is 360 months to life. Mr. Gravely respectfully submits this memorandum in support of his request that the Court impose a sentence of SIXTY (60) MONTHS, plus a term of supervised release.

## I. Factual Background

Alageon J. L. Gravely stands convicted of seven (7) counts of receipt of child pornography, one count of distribution of child pornography and one count of distribution and receipt of child pornography. Prior to his current involvement with

[1] 18 U.S.C § 2252A(a)(2)(A)&(b).

the criminal justice system he had no prior convictions or arrests. The Presentence Investigation Report (PSIR), Statement of Facts[2], and Mr. Gravely's Plea Agreement[3] all provide a broader overview of the nature of his criminal conduct and the facts surrounding each charge. There is no doubt that Mr. Gravely was engaged in very serious criminal conduct, the full impact of his conduct may not manifest fully until years in the future. In short, Mr. Gravely filmed himself having sexual contact with minors, or received or distributed to himself sexually explicit videos of minors. Nearly all of Mr. Gravely's criminal actions occurred when he was 18 or 19 years old, having recently graduated from high school in 2022.

Mr. Gravely accepted responsibility for his conduct by entering pleas of guilty to 9 Counts of a Criminal Information[4] on June 12, 2026. Pursuant to a written plea agreement and Rule 11(c)(1)(C), the government and Mr. Gravely agree to a sentence with the range of SIXTY (60) to ONE-HUNDRES-EIGHTY (180) MONTHS.[5] Prior to these Federal charges, he was arrested on related state charges on August 12, 2024 and came into federal custody on December 4, 2024 up on the state charges being nolle prossed.[6]

## II. Sentencing Standard

[2] ECF 56.
[3] ECF 54.
[4] ECF 50.
[5] ECF 54.
[6] PSIR at page 1.

Following *United States v. Booker,*[7] federal judges no longer are required to turn a blind eye to Congress's admonition that "[n]o limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."[8] The sentencing guidelines are advisory, and in light of more recent Supreme Court holdings – truly advisory. While sentences that adhere to the sentencing guidelines are presumptively reasonable, sentences that deviate from the advisory range are neither presumptively reasonable nor presumptively unreasonable.[9] A sentencing court must make an independent determination of an appropriate sentence based on all of the 18 U.S.C. § 3553(a) factors without any "thumb on the scale favoring a guideline sentence"[10] and keeping in mind that "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."[11]

The primary mandate of 18 U.S.C. § 3553(a) is that the District Court impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of punishment as set forth in subdivision (a)(2) of the statute.[12] The four purposes

---

[7] 543 U.S. 220 (2005).
[8] 18 U.S.C. § 3661.
[9] *Gall v. United States*, 128 S. Ct. 586 (2007).
[10] *United States v. Sachsenmaier*, 491 F. 3d 680, 685 (7th Cir. 2007).
[11] *Koon v. United States*, 518 U.S. 81, 113 (1996).
[12] 18 U.S.C. § 3553(a).

identified are: punitive ("to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"), deterrence, incapacitation ("to protect the public from further crimes of the defendant "), and rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). In determining a sentence that is sufficient, but not greater than necessary, the Court is directed to also consider several other factors: the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the advisory sentencing guideline range, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution.[13]

## III. 18 U.S.C. § 3553(a) Factors

### A. Nature and Circumstances of the Offense

This is an extremely serious case and the criminal conduct for which Mr. Gravely is accountable should be characterized as extremely harmful to minors, and society has a strong interest in protecting minors from being victims of child pornography related crimes. The PSIR, Statement of Facts, and related filings by the government comment in greater detail about the circumstances, and Mr. Gravely accepts the great majority of the facts submitted.[14] That being said, Mr. Gravely's

[13] 18 U.S.C. § 3553(a).
[14] Mr. Gravely has objected and continues to object to allegations contained within Paragraph 35 of the PSIR, related allegations contained in the Governments Sentencing memorandum and the allegations contained in the redacted letter filed.

conduct occurred when he was only the age of majority by a couple years. Given his age, and other factors that will be discussed, justice would be served if the Court imposed a sentence of SIXTY (60) MONTHS on your Defendant. In strongly affirming the concept of individualized sentencing, Justice Thomas, in writing for the majority of the Supreme Court of the United States noted that, "The Guidelines were initially binding on the district courts, but this court in Booker rendered them 'effectively advisory'. Although the Guidelines remain 'the starting point and the initial benchmark' for sentencing, a sentencing court may no longer rely exclusively on the Guidelines range; rather, the court 'must make an individualized assessment based on the facts presented' and the other statutory factors. The Guidelines thus continue to guide district courts in exercising their discretion by serving as 'the framework for sentencing, but they do not constrain that discretion."[15]

After consideration of the facts and circumstances, the parties agreed to enter a Rule 11(c)(1)(C) plea agreement calling for Mr. Gravely to be sentenced within the range of punishment of 60 to 180 months. Therefore, the United States envisioned and indeed, by her tacit agreement, contemplated that Mr. Gravely could receive a sentence of 60 months. In other words, the existence of the range contemplated by the agreement suggest that any sentence between 60 and 180 months would not be a miscarriage of justice.

**B. Characteristics of the Defendant**

---

[15] *Beckles v. United States, 137 S.Ct. 886, 894 (2017).*

Mr. Gravely is 22 years old. He was born in Roanoke, Virginia, to an unwed, teenage mother. Mr. Gravely's mother led a life of partying, drug use, multiple male partners and frequent periods of criminal activity and incarcerations. Eventually, Mr. Gravely came to live with his grandparents, who loved him and provided for him. His grandparents were positive influences and encouraged him in school, and extracurricular activities. However, his mother came in and out of his life, with little predictability or regularity. Mr. Gravely does not know who is father his, and speculates that his mother does not know his father's identity.

Despite his grandparents being his primary caregivers, other adults and his mother would have irregular visits to the home that added chaotic elements to his childhood. When his mother would visit, she would frequently be under the influence of drugs and alcohol. Mr. Gravely reports that fights and arguments were commonplace between Mr. Gravely's grandparents and his mother during her visits. Mr. Gravely would witness this violence and would frequently be in the home when police responded. Compounding this, Mr. Gravely's mother would employ corporeal punishment to the point of abuse by striking him with a variety of objects including shoes, hair brushes, belts, and phone cords. One can only imagine the confusion Mr. Gravely felt as a child, being disciplined by an often absent, intoxicated, unreliable mother. During this chaotic time, Mr. Gravely reports sexual encounters with older minors when he was under 10 years old, with some of the encounters potentially abusive towards Mr. Gravely. Mr. Gravely was exposed to and viewed pornography before he was 10 years old.

In addition to early childhood instability and adverse experiences, Mr. Gravely has a long and well documented history of mental health issues and substance abuse. Mr. Gravely has been a daily user of marijuana since his teenage years and was a social drinker before his incarceration. Mr. Gravely reports feeling depressed around the age of 10 due to bullying and reports of self-harm and suicidal ideations around the age of 14 or 15. After seeking professional help, he was prescribed Prozac and Zoloft, but stopped taking Prozac as a teen because it made him feel "very low." Mr. Gravely has had minimal sessions with a psychiatrist. He is currently prescribed Prozac and Vistaril by jail staff at the Western Virginia Regional Jail.

Not surprising given Mr. Gravely's family history and early childhood adversity, he has a long history of depression and anxiety coupled with self-harming behavior and suicidal thoughts. There is a high probability that these factors influenced his flawed and criminal behaviors. Although Mr. Gravely has experienced trauma and difficulties during his upbringing, he has never been arrested before this behavior came to light. Additionally, he was cooperative with law enforcement upon first contact and essentially confessed to his criminal contact.

**C. Kinds of Sentence Available and Guidelines Recommendation**

It is respectfully requested that the Court impose a sentence of SIXTY (60) months and recommend that he participate in the RDAP program with the Bureau of Prisons plus a term of supervised release. Mr. Gravely will be subject to the full series of Mandatory, Standard, Special and Sex Offender Conditions as well as Cybercrime

Management while on supervised release. Psychiatric and Sex Offender treatment with individual therapy will be vital upon his release from incarceration.

### D. Avoiding Unwarranted Sentence Disparity

18 U.S.C § 3553(a) speaks of the "need to avoid unwarranted sentence disparities among defendants with similar record who have been found guilty of similar conduct." The provision seeks uniformity in a broad sense but not at the expense of an individualized sentence based on the circumstances of the offense and the background of the defendant. Mr. Gravely's age and the crimes to which he is convicted, make him a unique defendant before this Court for sentencing. Imposing a sentence of SIXTY (60) months, would be just and would avoid a sentencing disparity when balancing Mr. Gravely's age at the time of his conduct and the crimes he committed.

### E. Purposes of Sentencing Under 18 U.S.C. § 3553(a)(2)

Congress has recognized four purposes of sentencing, often summarized as punitive, general deterrence, specific deterrence/incapacitation, rehabilitation.[16] Mr. Gravely submits that a sentence of SIXTY (60) months plus a term of supervised release is a fair and reasonable one under the circumstances and comports with Congressional intent regarding sentencing. A sentence of SIXTY (60) months is not insubstantial for a young man with no record, and no criminal history. A sentence of SIXTY (60) months sends a strong message of deterrence, and provides Mr. Gravely

---

[16] 18 U.S.C. § 3553(a)(2).

with treatment options and opportunities for rehabilitation. There can be no question that such a sentence will comport with society's interest in retribution since it is "sufficient, but not greater than necessary" to achieve justice.

## IV. Conclusion

For all the reasons stated, Alageon J. L. Gravely submits that a sentence of SIXTY (60) months, plus a term of supervised release, is "sufficient, but not greater than necessary."

Respectfully submitted,

ALAGEON J. L. GRAVELY

By: /s/ Patrick J. Kenney

Of Counsel

Patrick J. Kenney, Esq. (VSB #65622)
Law Office of Patrick J. Kenney PLC
1031 First Street SW
Roanoke, Virginia 24016
540.982.7721(telephone)
pjk@patrickjkenneylaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2026, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the Government.